IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCARLET HONOLULU, INC., and WALTER ENRIQUEZ,<br><br>                  Plaintiffs,<br><br>  vs.<br><br>HONOLULU LIQUOR COMMISSION; DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS; ROBERT AIU, IN HIS OFFICIAL CAPACITY; KRISTEN KIMOTO, IN HER OFFICIAL CAPACITY; JACOB FEARS, IN HIS OFFICIAL CAPACITY; and CATHERINE FONTAINE, IN HER OFFICIAL CAPACITY,<br><br>                  Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 21-00457 JMS-KJM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

ORDER GRANTING PLAINTIFFS' MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

On June 27, 2022, Plaintiffs Scarlet Honolulu, Inc., and Walter Enriquez (collectively, "Plaintiffs") filed a Motion for Leave to File Amended Complaint ("Motion"). ECF No. 44. On July 6, 2022, Defendants Department of Commerce and Consumer Affairs, Robert Aiu, and Kristen Kimoto (collectively, "Non-Opposing Defendants") filed a Statement of No Position. ECF No. 46. That same day, Defendants Honolulu Liquor Commission, Jacob Fears, and Catherine Fontaine

(collectively, "Opposing Defendants") filed their Memorandum in Opposition to the Motion ("Opposition").  ECF No. 47.  On July 11, 2022, Plaintiffs filed their Reply.  ECF No. 48.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the Motion, applicable law, and the record in this case, the Court GRANTS the Motion for the reasons set forth below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that courts generally "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Liberality in granting leave to amend must be restrained, however, by the court's consideration of a number of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182.  "'For purposes of assessing futility on [a motion for leave to amend], the legal standard is the same as it would be on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6).'"  *Strojnik v. Kapalua Land Co.*, Civ. No. 19-00077 SOM-KJM, 2019 WL 4685412, at * 2 (D.

Haw. Aug. 26, 2019) (quoting *Green v. Mercy Hous., Inc.*, No. C 18-04888 WHA, 2019 WL 1255020, at *1 (N.D. Cal. Mar. 19, 2019)); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

## DISCUSSION

Plaintiffs seek leave to file an amended complaint that asserts an additional claim against Defendant Honolulu Liquor Commission for alleged negligent hiring, training, supervision, and retention. Plaintiffs also seek leave to add factual allegations in support of this proposed new claim.

In their Opposition, Opposing Defendants do not address Rule 15(a)(2) or the factors set forth in *Foman*. Rather, Opposing Defendants assert that Plaintiffs' "proposed amended complaint is loaded with immaterial, impertinent and scandalous allegations that should not be allowed." ECF No. 47 at 2. Opposing Defendants thus argue that the Court should strike certain allegations in the proposed amended complaint pursuant to Federal Rule of Civil Procedure 12(f). *See id.* at 3–6.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the plain language indicates, Rule 12(f) applies to pleadings, not

proposed pleadings.  Moreover, it is improper for a party to use its opposition to a motion for leave to amend as a motion to strike a pleading.  The Court thus finds Opposing Defendants' arguments in the Opposition to be unpersuasive.

The Court has reviewed Plaintiffs' proposed amended complaint.  Given the liberal standard under Rule 15(a)(2), the lack of opposition from Non-Opposing Defendants, and Opposing Defendants' failure to address the relevant standard, the Court finds that granting leave to file an amended complaint is appropriate.

CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 44).  Plaintiffs shall file their proposed amended complaint by **August 16, 2022**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 9, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Scarlet Honolulu, Inc., et al. v. Honolulu Liquor Comm'n, et al.*, Civil No. 21-00457 JMS-KJM; Order Granting Plaintiffs' Motion for Leave to File Amended Complaint