IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SCARLET HONOLULU, INC. and WALTER ENRIQUEZ d/b/a GAY ISLAND GUIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>HONOLULU LIQUOR COMMISSION; JACOB FEARS, in his official capacity; and CATHERINE FONTAINE, in her official capacity,<br><br>Defendants. | Case No. 21-cv-00457-DKW-KJM<br><br>**ORDER DENYING MOTION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

On May 5, 2023, Defendants filed a motion for summary judgment (MSJ) on Plaintiffs' claims. Dkt. No. 101. The Court set a hearing on the MSJ for July 7, 2023, with briefing on the motion to be in accordance with Local Rule 7.2. Dkt. No. 105. Accordingly, Plaintiffs' opposition to the MSJ is due by June 16, 2023, and Defendants' optional reply is due by June 23, 2023. *See id.*

On May 23, 2023, Plaintiffs filed a motion to continue the July 7, 2023 hearing date by sixty days. Dkt. No. 107. On May 30, 2023, Defendants opposed the continuance, Dkt. No. 109, and on June 2, 2023, Plaintiffs replied. Dkt. No. 111. For the reasons discussed below, Plaintiffs' motion is DENIED.

1

Plaintiffs' principal justification for their request is that, as of the date of their motion to continue, depositions of five key witnesses had not yet taken place. Declaration of James D. DiPasquale ("DiPasquale Decl.") ¶ 6, Dkt. No. 107-1. The deponents included (1) Jacob Fears; (2) Anna Hirai; (3) Don Pacarro; (4) Peter Nakagawa; and (5) Delis Estabilio. *Id.* At the time of the filing of the motion to continue, the five depositions were scheduled for May 30, May 31, June 2, June 6, and June 7, 2023, respectively. *Id.* ¶ 7.

Plaintiffs claim Defendants delayed the scheduling of these five depositions for several months, finally offering the above condensed schedule the day after filing their MSJ. *See id.* ¶ 8; *see generally* Second Declaration of James D. DiPasquale, Dkt. No. 111-1. Plaintiffs also claim that the testimony of these five witnesses significantly impacts the issues raised in the MSJ. *See* DiPasquale Decl. ¶ 9; *see generally* Dkt. No. 111.

However, as of the date of this Order, four of the five depositions at issue have now taken place, and the fifth is scheduled for tomorrow, June 7, 2023. Thus, all five depositions will have taken place by at least nine days prior to the date Plaintiffs' MSJ opposition brief is due. This is sufficient time to craft the opposition, particularly given that the MSJ was filed more than a month ago,[1] and

---

[1] By Local Rule, a civil motion, including a summary judgment motion, may be set for hearing in as little as 35 days in the ordinary course. LR7.1(a). In that instance, an opposition brief would be due as soon as 14 days or two weeks after the filing of the motion. LR7.2. Here, the Court

to include any new information gleaned from the recently completed depositions. Although Plaintiffs claim that they will not obtain final transcripts of the depositions until after their opposition to the MSJ is due on June 16, 2023, *see* DiPasquale Decl. ¶ 10, they should be able to at least obtain *rough* transcripts of those depositions—which are sufficient for current purposes—in shorter order. *See* Declaration of Lex R. Smith, Dkt. No. 109-1 ¶ 4 ("In my experience, arrangements can be made to ensure that deposition transcripts are made available within a week from the deposition date."). In sum, there is no just cause to delay the MSJ briefing or hearing timeline as it currently stands.[2] Plaintiffs' motion to continue, Dkt. No. 107, is DENIED.

    IT IS SO ORDERED.

    DATED: June 6, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

chose a less aggressive schedule, which, in turn, allowed more time for Plaintiffs to file their opposition brief. Plaintiffs were given six weeks, rather than two.

[2] Plaintiffs also claim the depositions could result in follow-up document requests impacting the MSJ. *See* DiPasquale Decl. ¶ 13. However, Plaintiffs do not provide any details regarding the document requests, *i.e.*, what they hope to glean from any such documents, how that information is relevant to the issues presented in the MSJ, or why those documents have not yet been requested in this litigation pending since 2021. Thus, this speculation similarly provides no just cause for a delay at this time.